CAROLINE E. COCHRANE, Adm'x,

v.

FRANKLIN OLIVER.

1. STATUTE OF LIMITATIONS—WHEN BEGINS TO RUN—CONTRACT TO SELL LAND.—Where parties entered into a written contract for the purchase and sale of land, and the purchaser having paid the purchase money, the seller conveyed the land to another, the right of action by the purchaser for damages accrued upon the conveyance by the seller to a third person, and the statute begins to run from that time.

2. ACTION ON WRITTEN CONTRACT.—In a suit declaring specially upon a written contract for the conveyance of land, and seeking damages for a breach of contract, the limitation of the statute is sixteen years. In such action, the plaintiff may claim the purchase money, or less, or may claim the value of the land at the time of conveyance, and the mere averment that the defendant became liable to pay the amount paid by the purchaser does not change the nature of the cause of action so as to allow the interposition of the statutory bar of five years' limitation.

ERROR to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed September 17, 1880.

Messrs. TIPTON & RYAN and Mr. E. C. GRAY, for plaintiff in

error; that between vendor and purchaser where a bond for deed is given, a trust relation exists which postpones the running of the statute, cited White v. Tindler, 52 Miss. 145.

This being a contract in writing, the sixteen years' limitation applies: Ballenger v. McKee, 36 Ill. 255; Ill. Cent. R. R. Co. v. Johnson, 34 Ill. 389; Dunning v. Price, 56 Ill. 338; Jassoy & Co. v. Horn, 64 Ill. 379.

The statute runs from the time the contract was broken by conveyance to a third person: Angell on Limitations, § 137; Bourland v. County of Peoria, 16 Ill. 539; Collins v. Thayer, 74 Ill. 138; Moore v. Vail, 17 Ill. 185; Tinkle v. Reeves, 25 Ill. 214; Lockridge v. Foster, 45 Scam. 569; Ogden v. Sanders, 57 Ill. 389; Payne v. Webster, 1 Ver. 101; Resquet v. Curtis, 1 Sumner, 478; Garthington v. Hassell, 5 Red. 359.

Plaintiff in error is entitled to recover interest: Hurd v. Denny, 16 Ill. 492; Baston v. Clifford, 68 Ill. 67; Buckmaster v. Grundy, 3 Gilm. 626.

It was error to enter personal judgment for costs against the administratrix, on the order for continuance: Church v. Jewett, 1 Scam. 55; Gibbons v. Johnson, 3 Scam. 61.

Where a person is acting as administrator the regularity of his appointment can not be questioned in a collateral proceeding: Wight v. Wallbaum, 39 Ill. 555; Duffin v. Abbott, 48 Ill. 17.

Mr. L. E. PAYSON and Mr. C. H. FREW, for defendant in error; that the statute began to run from the time suit could have been maintained on the contract, cited McKerras v. Gardner, 3 Johns. 137.

The question of validity of appointment as administrator may be brought up collaterally: 2 Redfield on Wills, 107.

Where the court has no jurisdiction of the subject-matter, and of the person, the proceedings are void, and may be questioned collaterally: Campbell v. McCahan, 41 Ill. 45; White v. Jones, 38 Ill. 160; Clark v. Thompson, 47 Ill. 25; Heirs of Langworthy v. Baker, 23 Ill. 484.

The error as to costs, if any, can be corrected in this court: Church v. Jewett, 1 Scam. 55.

DAVIS, J.   This action of assumpsit was brought by plaintiff in error, administratrix of the estate of James C. Walker, deceased, to recover damages for the failure of defendant to convey land according to agreement.

On the 18th of January, 1856, James C. Walker purchased from the defendant in error twenty acres of land for $1,300.

A written contract was entered into between the parties, in which it was stipulated that defendant had sold the land for the sum named above, and had received in cash five hundred dollars, and that the balance was to be paid in a few days, on the delivery of the deed, for which Walker had given his promissory note; and on the payment of the balance, defendant agreed to make to Walker a good and sufficient warranty deed. The five hundred dollars were paid by Walker on the day of the purchase, and the balance was also paid by him some time before his death, which occurred in February or March, 1859. On the 8th of February, 1865, defendant in error conveyed the same land to Nathan Simons, an innocent purchaser, and on the 7th day of August, 1877, this suit was commenced.

The declaration, as amended, contains a special count, setting out in *hæc verba* the written agreement entered into between the parties, the payment in full of the purchase money, the subsequent conveyance of the land to Simons and a failure on the part of defendant to convey the land to Walker in his life-time, or to his heirs since his death, whereby the land became wholly lost to the estate of said Walker; and averring that by means whereof the defendant became liable to pay the plaintiff the said sum of $1,300, and being so liable he promised to pay, etc., etc.   The common counts were also added.

To the declaration the defendant filed, with other pleas, the general issue and a plea of the Statute of Limitations, that the causes of action did not accrue within sixteen years next before the commencement of the suit.

On the trial below, the court refused to give the following instructions asked for by the plaintiff: " The court instructs the jury for the plaintiff that if they believe from the evidence that the note and agreement in this case is in writing, then the Statute of Limitations is sixteen years instead of five years."

"The court further instructs the jury that if they believe from the evidence that the defendant sold the land in question to James C. Walker, and James C. Walker paid for the land in question in his life-time, and that Oliver, the defendant, conveyed the land to one Simons, in February, 1865, and at that time the land was lost to the plaintiff, then and in that case, the statute did not commence to run until the conveyance of the land, and that on suits on written contracts in writing at that time run sixteen years."

But gave the following instruction for the defendant: "The jury are instructed for the defendant that under the pleading in the case, the Statute of Limitations of five years applies, and if the evidence shows that the payments made by Walker on the land in the declaration described, about 1856, and before March 30, 1857, and the deed to Simons was made in February, 1865, then the claim of plaintiff is barred by the Statute of Limitations, and you should hold for the defendant."

The jury found a verdict for the defendant, and the court gave judgment for him for costs, from which judgment plaintiff appealed.

It appears from the record that Walker, in his life-time, bought the land in question, and paid to defendant in error the purchase money in full. He was entitled to a deed when defendant conveyed that land to Simons, on the 8th of February 1865.

Until that time defendant had done no act which gave Walker or his administratrix the right to sue. By the conveyance defendant placed it out of his power to comply with his contract to convey the land to Walker or his heirs. On this breach a cause of action accrued to the plaintiff in error, and the Statute of Limitations commenced to run from that time.

The only question raised in this case is, which statute shall govern—that requiring the suit to be brought within five years next after the cause of action shall have accrued, or that giving sixteen years in which to sue.

Defendant in error contends that the claim made by plaintiff by her declaration is for a recovery of the purchase money paid,

and not for a breach of the contract to convey, and that the suit on such claim should have been brought within five years from the time the land was conveyed to Simons. Had plaintiff in error sued only on the common counts to recover the money paid, she would probably have been barred by the second section of the statute of 1849, which requires all action founded on promises not in writing to be commenced within five years next after the cause of action accrued. But in the first count of her declaration, she founds her action upon the written contract entered into between the defendant in error and James C. Walker in his life-time. Section one of the same statute provides that " all actions founded upon any promissory note, simple contract in writing, bond, judgment or other evidence of indebtedness in writing  \*  \*  \* shall be commenced within sixteen years after the cause of action accrued, and not thereafter. Gross' Statutes of 1869, page 430.

The claim of plaintiff in error, as made in her first count, is for a breach of a contract in writing to convey the land. The contract is set out in full; the payment of the purchase money is averred, so as to entitle the purchaser to a conveyance, and the breach of the contract is shown by the conveyance of the land to another, whereby the liability of the defendant in error to the plaintiff became fixed.

Here is a perfect cause of action set out for a breach of a contract to convey—a simple contract in writing—on which the statute declares a suit may be brought at any time within sixteen years after the cause of action shall have accrued.

In such an action the plaintiff may claim the purchase money paid, with interest, or she may claim less, or she may claim the value of the property at the time it should have been conveyed, and the mere averment of the pleader that by reason of the facts set up in the count, the defendant became liable to pay the plaintiff the sum of money paid by James C. Walker in his life-time cannot change the nature of the cause of action upon which the suit is founded, so as to bar the claim after the expiration of five years. Although her claim may be for the recovery of the purchase money, yet if it is founded in her declaration, as we think it is upon a simple

contract in writing, the Statute of Limitations gives her six-teen years in which to sue. We think therefore the court below erred in refusing to give the instructions asked for by plaintiff in error, and in giving the one for the defendant in error.

The judgment will be reversed, and the cause remanded.

Judgment reversed.