## John E. Phillips, Receiver, etc., v. Lewis W. Pitcher.

1. LIMITATIONS—*Unwritten Contracts.*—Actions on unwritten contracts, expressed or implied, must be commenced within five years next after the cause of action accrued.

2. CHECKS—*As a Cause of Action.*—In this suit the checks are not the evidence of indebtedness sued upon. The cause of action is the implied promise which the law raises, under facts alleged in the declaration, and as the action is not based on any written contract or evidence of indebtedness in writing, it is not enough that the evidence by which the action is supported is in writing.

3. PARTIES — *Who Must be Joined as Defendants.*—The plaintiff must join as parties defendant all who are jointly liable upon the contract, and if he does not, he can not recover against any.

Assumpsit, for moneys misappropriated. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Judgment for defendant on demurrer to plea of the statute of limitations. Appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed February 14, 1899.

JOHN J. McCLELLAN and CHARLES C. SPENCER, attorneys for appellant.

It is not essential that all of the evidence sustaining the cause of action should be in writing to bring the case within the ten years statute. Plumb v. Campbell, 129 Ill. 101; Memory v. Niepert, 131 Ill. 629.

HENRY STEPHEN, attorney for appellee, contended that the action did not accrue within five years, and consequently is barred by the statute of limitations providing that "Actions on unwritten contracts, expressed or implied, and all civil actions, not otherwise provided for, shall be commenced within the next five years after the cause of action accrued." Hurd, R. S. Ill. 83, Sec. 15.

The plaintiff declares upon a *quasi*-contract, or in other words, one raised merely by operation of law, and not upon any written contract which would be within the statute providing that "Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing, shall be commenced within ten years next after the cause of the action accrued."

A check is not a bill of exchange. Merchants Bank v. State Bank, 10 Wall. (U. S.) 604, 647; Morse on Banking (2d Ed.), 259.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action in which appellant seeks to recover money of the National Bank of Sumter, South Carolina, alleged to have been misappropriated by its former cashier, and used in buying and selling grain and other merchandise

upon 'change, in Chicago, through a firm of brokers and commission merchants, of which appellee was a member. The declaration alleges that the cashier appropriated this money and converted it to his own use by means of checks payable to the order of said firm, and that the latter received said checks, indorsed them and obtained the money with knowledge of their fraudulent and unlawful issue, for the personal use and benefit of the said cashier.

To this declaration the appellee pleaded the five year statute of limitations, with other pleas which have been withdrawn or otherwise disposed of. Plaintiff's demurrer to the plea of the statute was overruled in the Superior Court, and electing to stand by his demurrer, final judgment was rendered against him, from which judgment he prosecutes this appeal. It is contended that the demurrer was erroneously overruled because, it is said, the cause of action set out in the declaration does not fall within the five years statute of limitations. That statute is as follows: " Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property, or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within the next five years after the cause of action accrued." Rev. Stat., Chap. 83, Sec. 15.

The suit was not commenced within five years, and appellant urges that it was not necessary that it should have been, because, as he contends, the suit is based on the checks of the National Bank of Sumter, and the indorsement of appellee's firm thereon, and falls within the ten years statute of limitations, which is as follows : " Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued." Rev. Stat., Chap. 83, Sec. 16.

It is said that the checks are included in the provision, " other evidences of indebtedness in writing," and are also inland " bills of exchange."

But the checks are not the evidences of indebtedness sued upon. The cause of action would have been the same if, instead of using checks as a method of placing the money misappropriated in the hands of the brokers, the cashier had sent it by express, or had employed other methods of transmission. The checks are merely evidences of the amount so remitted and of the fact, as shown apparently by the indorsements, that the brokers received the money. They do not of themselves create any liability. So far as appears from them the money which the checks enabled the brokers to obtain might have been paid and received for a legitimate consideration, in settlement of honest indebtedness. They do not contain any promise by the payee and indorser to pay or repay the money.

The cause of action is the implied promise which it is claimed the law raises, under facts such as are alleged in the declaration, and it is not based on any written contract or evidence of indebtedness in writing. "It is not enough that the evidence by which the cause of action is supported is in writing." Knight v. St. L. & I. M. & S. Ry. Co., 141 Ill. 110, 115.

The action is not based on the checks, nor are they "relied upon as the contract between the parties by which the rights of the respective parties should be governed or controlled." Penn. Co. v. Chi., Mil. & St. P. Ry. Co., 144 Ill. 197, 203.

The demurrer to the plea setting up the five years statute of limitations was properly overruled.

It appears upon the face of the declaration that the defendant and one Edward A. Bigelow were partners at the time when the cause of action arose, and jointly liable. They should, therefore, have been joined as parties defendant.

"The rule is, the plaintiff must join as parties defendant all who are jointly liable upon the contract, and if he does not, he can not recover against any." Sinsheimer v. Skinner Mfg. Co., 165 Ill. 116, 123.

The judgment of the Superior Court must be affirmed.