[No. 3285. Decided January 29, 1900.]

JOHN H. ROCHE, *Appellant,* v. COUNTY OF SPOKANE, *Respondent.*

DISCRETION OF COURT—PERMITTING SPECIAL DEMURRER AFTER RULING AGAINST GENERAL DEMURRER AND ANSWER.

The action of the trial court in permitting defendant to file a special demurrer raising the defense of the statute of limitations, after a general demurrer had been overruled and after the same defense had been, on motion, stricken from defendant's answer, did not constitute an abuse of discretion, when that defense was

in existence at the beginning of the action and the plaintiff lost no rights by reason of the interposition of the special demurrer.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.    Affirmed.

*John H. Roche,* for appellant.

*James Z. Moore,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the assignee of judgment debtors to recover a surplus received by the sheriff of the county of Spokane on execution sales, paid by him to said Spokane county and appropriated by the county to its own use.    A general demurrer was interposed to the plaintiff's complaint on the ground that the same did not state facts sufficient to constitute a cause of action.    This demurrer was overruled, and subsequently the defendant answered, pleading in the answer the statute of limitations.    Motion was made to strike the said averments concerning the statute of limitations from the answer, which motion was sustained.    Afterwards, upon the application of the defendant, the court permitted it to interpose a special demurrer.    Subsequently the special demurrer was sustained by the court, and, the plaintiff electing to stand upon his complaint and the pleadings in the case, judgment was entered for the defendant, and from such judgment an appeal is taken to this court.

It is alleged by the appellant that the court erred in permitting the defendant to commence anew its defense by filing a special demurrer pleading the statute of limitations, after the general demurrer had been overruled and the answer withdrawn.

It is contended that, the statute of limitations not having been pleaded by special demurrer, as provided for in the statute, by the practice act, the statute of limitations

was waived and could not therefore be raised; and many cases are cited from this court to sustain this contention. An examination of these cases, however, shows that, with one exception, they are not in point. There is no question that the general rule announced by the appellant that, when a defendant fails to demur to a complaint, he should be deemed to have waived that right, is well established, and that is what is decided in the cases and text books cited in *Spaur v. McBee,* 19 Ore. 76 (23 Pac. 818), to which the attention of this court is specially directed, and which it is claimed is conclusive of the question involved here. The doctrine was simply announced that, if the defendant fails to demur to the complaint or petition in any case in which a demurrer is allowable, he must be deemed to have waived every objection which might have been thus raised, excepting only objection to the jurisdiction of the court and the objection that facts sufficient to constitute a cause of action are not stated; and this rule is also announced in Boone, Code Pleadings, § 45. But neither in the Oregon cases, nor in any of the other cases cited, was the controlling question in this case discussed or involved.

The defendant in this case did not fail to demur as required by the statute, but the only question is, was its demurrer seasonable, or, under the discretion which is vested in the trial court, did the court abuse its discretion in allowing it to interpose a demurrer at the time it did?

It is true that in *Burrows v. McCalley,* 17 Wash. 269 (49 Pac. 508), it is said that the court very properly refused to allow the second demurrer, which stated a different ground from that which was stated in the first demurrer, for the reason that it was not competent for the defendant to interpose different demurrers to the same complaint. This decision would be controlling if the court below in this case had refused to entertain the

demurrer, for in the case cited the decision of the lower court was sustained by this court.   Under the code of practice and under our statutes great latitude is given to the trial court in determining the mere manner of procedure where no rights are involved, and where it is simply a question of the arrangement of the trial; but we know of no case that fails to sustain the trial court, or holds that it has abused its discretion, under circumstances such as are shown in this case.   The plaintiff lost no rights by the action of the court in allowing a special demurrer to be finally interposed.   There was an evident attempt on the part of defendant to plead the statute of limitations throughout all the proceedings.   That defense to the action existed in reality from the time the complaint was filed down to the time that the special demurrer was filed, and, so far as the merits of the case were concerned, the appellant was not prejudiced by reason of its being interposed at the time it was.   The pleadings in this case, and the circumstances surrounding it, and the affidavits filed, convince us that the court did not abuse its discretion in allowing the special demurrer to be filed.   So far as the merits and decisions on the demurrer are concerned, we think there is no question but that the court took the correct view of the law.

The judgment is affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.