DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1903.

---

### Wiley M. Egan v. Boston Insurance Co.

1. STATUTE OF LIMITATIONS—*Where Contract is to be Treated as Written and Not Oral.*—Where an action is upon a written contract and the agreement as set forth in the writing is not indefinite and it is not necessary to resort to oral testimony to make it complete, it is not to be treated as an oral contract in applying the statute of limitations.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 9, 1903.

In April, 1889, appellant being the owner of a one-third interest, in the steamer "P. D. Armour," took out policies of insurance in different companies, covering his said interest, to the amount of $30,000. One of said policies was issued by appellee and was for the sum of $5,000. In September of that year the steamer "Armour" was sunk in collision with the propellor "Marion," and upon adjustment the share of the loss which fell upon appellee was fixed at $3,695.50, and this the latter paid to appellant.

The policy under which this payment was made contained the following provision :

"It is also agreed and understood that in case of loss or damage under this policy, the insured, in claiming and accepting payment therefor, hereby and by that act

(1)

assigns and transfers all his or their right to claim for such loss or damage as against any person or persons, to this company, to inure to their benefit, however, to the extent only of the amount of the loss or damage, and that attendant expenses of recovery paid or incurred by this company, and any act of the assured waiving or transferring or tending to defeat or decrease any such claim against any person or persons, shall be a cancellation of the liability of this company for or on account of the loss or damage claimed, and the expenses of recovery or otherwise (if any) paid or incurred by the said company shall be a lien upon and shall be recoverable against the said vessel, tackle, apparel and other furniture, or any part thereof, or against the insured at the option of the insurer."

In November, 1899, appellant, with the other owners of the "Armour," commenced suit against the "Marion" for damages caused by the collision. The suit was finally compromised by payment to the owners of the "Armour" of $37,500. After deducting the expenses of the litigation, appellant received $5,020.66 as his share of the damages so recovered.

Appellee was not requested to take and did not take any part in the prosecution of the suit against the "Marion," nor in the settlement, and received no part of the proceeds. It sued for and has recovered in the trial court its proportionate part of the amount received by appellant from the "Marion," basing its claims upon the provision of the policy above quoted. Appellant seeks to reverse that judgment.

C. E. KREMER, attorney for appellant.

If an agreement in writing is so indefinite as to necessitate resort to parol testimony to make it complete, or the promise upon which plaintiff seeks to recover is one implied by law from the relation of the parties, and not an express agreement contained in the written contract, then the law is, that in applying the statute of limitations, the agreement must be treated as an oral contract. Junker v. Rush, 136 Ill. 179; Plumb v. Campbell, 129 Ill. 101; Wood v. Williams, 40 Ill. App. 115; Ill. Cent. R.

R. Co. v. Miller, 32 Ill. App. 259; Knight v. Ry. Co., 141 Ill. 110; Phillips v. Pitcher, 80 Ill. App. 219; Railway Pass. F. C. M. Aid Assn. v. Loomis, 142 Ill. 560.

CHURCH, McMURDY & SHERMAN, attorneys for appellee.

The action is based upon the written contract contained in the policy of insurance. In so far as its obligation is an implied one, the implication arises out of that contract and is just as much a part of the contract as though expressed in terms therein. Lingren v. Fletcher, 56 Pac. Rep. 328; Cochrane v. Oliver, 7 Ill. App. 176; Ames. v. Moir, 27 Ill. App. 88; same case, 130 Ill. 582; Hart v. Otis, 41 Ill. App. 432; I. C. R. R. Co. v. Copeland, 24 Ill. 332 338; Plumb v. Campbell, 129 Ill. 101; Memory v. Niepert, 131 Ill. 623; Egan v. B. & F. M. I. Co., 88 Ill. App. 552; same case, 193 Ill. 295; Williams on Real Property, 671; Ex parte Yarbrough, 110 U. S. 651.

Although signed only by appellee, the policy was none the less a written contract, binding as such, upon appellant. Plumb v. Campbell, *supra;* Ames v. Moir, *supra;* Memory v. Niepert, *supra;* Dean v. Walker, 107 Ill. 544; Kershaw v. Kershaw, 102 Ill. 307, 311.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is conceded by appellant that practically his only defense to the suit arises under his plea of the statute of limitations. The right of appellee to recover, unless its suit is barred by that statute, was apparently determined in Egan v. British and Foreign Marine Insurance Company, 193 Ill. 295, a case in which the facts were substantially the same as in the present suit.

Appellant contends that this is not an action upon a written contract, but upon a mere implied promise to pay arising from the relation of the parties as determined by the contract; and it is insisted that more than five years having elapsed since the cause of action arose, recovery is barred by the provisions of section 15 of the statute of limitations. (R. S., Chap. 83, Sec. 15.) It is said that the

provision of the policy upon which this action is brought, and which is quoted in the foregoing statement, is not an agreement to pay any sum or sums of money, but merely an assignment of a claim whenever such claim shall arise; that it does not provide that any sum or sums which may be collected by the appellant shall be paid to appellee; that recovery can be had only upon the theory of money had and received for the use of plaintiff, and such action is barred after five years by the statute.

It is true that the provision in question, of the policy under which appellant was paid a part of his loss, does not contain any express promise to pay or repay any sums of money which may be received by the insured for his loss or damages. It does contain, however, what is in substance and effect an agreement to assign to appellee, in case of any loss or damage under the policy for which he may thereafter accept payment under the policy, all his right to recover for said loss or damage from any person or corporation liable therefor, to the extent of such loss or damage and expenses of recovery which may be paid or incurred by appellee.

By the literal terms of the contract, as expressed upon its face, the insured "hereby and by that act," viz., the act of accepting payment in case of any loss or damage under the policy—a condition which might never exist—assigns and transfers to the appellee all his "right to claim for such loss or damage as against any person or persons." The contract purports, therefore, "hereby," and also by a future act which might never occur, to assign and transfer a claim for loss or damage which may never exist. It is in substance, therefore, an agreement to assign thereafter, at such time in the future as the condition precedent shall arise, and not merely a present assignment. This agreement to assign was broken when appellant undertook and recovered for himself the loss and damage, the right to which he had agreed to transfer to appellee. Appellee in this suit seeks to recover upon the contract the damages it has suffered by reason of appellant's breach of his agree-

ment. The action is upon the written contract, and the section of the statute of limitations referred to is not applicable. The agreement as set forth in the writing is not indefinite. It is not necessary to resort to parol testimony to make it complete. It is not to be treated, therefore, as an oral contract in applying the statute of limitations. Plumb v. Campbell, 129 Ill. 101–107; Cochrane v. Oliver, 7 Ill. App. 176.

The judgment of the Circuit Court must be affirmed.