## UNITED STATES v. PUGET SOUND MACHINERY DEPOT.

(District Court, W. D. Washington, N. D.   May 9, 1924.)

No. 7696.

1. **United States ⊙�613⟶52½, New vol. 19A Key-No. Series—Demurrer to defense alleging agency of Fleet Corporation for United States not disclosed, but admitting execution of contract, sustained.**

Where contractor admitted execution of contract with United States Fleet Corporation, which was described as "representing the United States," a demurrer to contractor's defense to action on contract by United States, as assignee of Fleet Corporation, alleging that agency of Fleet Corporation was not disclosed for three years, was sustained.

2. **United States ⊙⟶52½, New vol. 19A Key-No. Series—Provision for review of decisions of Director General under contract with Fleet Corporation held unenforceable for want of Director General.**

Where contract between United States Fleet Corporation and contractor for construction of marine boilers provided that disputes should be referred to Director General "of the owner," and giving contractor right to have such decisions reviewed by board of naval architects or engineers selected by parties, *held* that, where there was no Director General, provision was unenforceable.

3. **Pleading ⊙⟶369(2)—Contractor's affirmative defense to action for overpayment held not inconsistent with his denials.**

In action against contractor by United States, as assignee of United States Fleet Corporation, for overpayment on marine boilers resulting from mutual mistake, affirmative defense that contract did not fix the time when market price should control, and that contractor's letter, stating its understanding that market price for May, 1918, was intended, was before the Fleet Corporation when contract was executed, and that there was therefore no mistake in the amount credited Fleet Corporation, *held* not so consistent with contractor's denials as to warrant compelling an election.

4. **Limitation of actions ⊙⟶24(2)—Rights of United States, as assignee of Fleet Corporation, held to arise out of written contracts.**

Where determination of rights of United States, as assignee of Fleet Corporation, and marine boiler contractor, required construction of written contracts, the cause of action arose out of contracts in writing, and, even if Washington statute of limitation was applicable, six-year provision of Rem. & Bal. Code Wash. § 157, and not three-year provision of section 159, was applicable.

At Law.   Action by the United States against the Puget Sound Machinery Depot.   On motions and demurrers to amended answer.   Judgment in accordance with opinion.

See, also, 293 Fed. 768.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash.

MacCormac Snow, of Portland, Or., and Chas. E. Allen, of Seattle, Wash. (O. P. M. Brown, of Washington, D. C., of counsel), and Bronson, Robinson & Jones, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.   The United States sues upon a written contract made in August, 1918, between the Fleet Corporation and the defendant, for the construction by the defendant, at Seattle, of 102 marine boilers.   The Fleet Corporation, as a party to the contract, is described therein as "representing the United States of America";

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant is designated as "the contractor." All rights under this contract and the one hereinafter mentioned have been by the Fleet Corporation assigned to the plaintiff. The complaint alleges the construction by defendant of 27 boilers; that the same were accepted by the Fleet Corporation, as agent of plaintiff; that on January 6, 1920, the Fleet Corporation, as agent of plaintiff, notified the defendant of the cancellation of the contract as to 75 boilers, none of which were under construction; that at the date of the cancellation the defendant was in the possession of certain material purchased by the Fleet Corporation with money supplied by the plaintiff; that the material was to be used in the construction of such boilers; that the same was the property of the plaintiff; that plaintiff through its said agent demanded this material; that the defendant refused to surrender it, claiming to own it; that it was of the value of $417,120.95; that by such refusal the sale by plaintiff's agent of such material was prevented. Plaintiff also sues for $8,910 on an alleged overpayment on the boilers constructed, alleged to have been made through mistake.

Upon a contract between the same parties, similarly designated, made February 20, 1918, for the construction by defendant of 6 marine engines, plaintiff sues to recover $49,761.86 on account of certain material furnished by plaintiff's agent and used by the defendant in the construction of such engines. Upon this contract plaintiff also sues to recover $2,880.78 on account of an alleged overpayment occasioned by mutual mistake in the amount of certain vouchers furnished by defendant covering increased labor cost, for which provision was made under the contract. Defendant has answered, and a number of motions and demurrers to the answer have been submitted.

The motion to strike portions of paragraphs XIII and XVI of the amended answer will be granted, as the denials, evidently intended as denials under the Washington statute, are not "of sufficient knowledge or information to form a belief" of the averments of the complaint to which they are directed. Section 264, Remington & Ballinger's Annotated Codes and Statutes of Washington.

[1] The first affirmative defense to the first claim asserted amounts to a denial that the agency of the Fleet Corporation was disclosed or asserted for a period of more than three years. The execution of the contract, a copy of which is made a part of the complaint, having been admitted, the demurrer to this as a separate defense is sustained.

[2] The second affirmative defense, which is one asserted against the first and second claims of the complaint, alleges that the contract provided that in case of dispute the matters should be referred to and determined by the Director General "of the owner," whose decision should be final. If after the delivery of a unit the contractor (the defendant) deemed itself aggrieved by the decision of the Director General, it might have a review by a board of three naval architects or engineers, to be selected by the parties in the ordinary manner in such cases.

The asserted defense is that the defendant had a right to have these disputes settled by such a board, although there was no Director General. Leaving out of consideration any question as to the right in such

a case to specific performance of an agreement to arbitrate, it is clear that for want of a Director General this provision is clearly unenforceable, and the demurrer to the second affirmative defense is sustained.

[3] To the second item of claim set out in the complaint defendant has interposed the affirmative defense that, when the defendant transmitted to the Fleet Corporation the written instrument set out in the complaint as a contract, defendant believed that the price of the furnaces was not clearly indicated, because the price called for was the "market price," and no time was fixed in the instrument at which the market price should control. The defendant accompanied the said instrument with a letter, stating that its understanding was that the market price in May 1918, was intended, that with this letter before it the Fleet Corporation executed the instrument, that in May, 1918, the market price for furnaces was $725 each, and that there was no mistake or error in defendant crediting the Fleet Corporation with such amount for each furnace, instead of $835, as claimed by plaintiff.

Plaintiff has moved to require the defendant to elect between this affirmative defense and the denials of the answer, the contention being that they are inconsistent. Plaintiff's contention is that the law of the state of Washington is controlling upon this question. The statute (section 273, Remington & Ballinger's Code) does not expressly prohibit the pleading of inconsistent defenses. It is true that the Supreme Court of the state held, in Seattle National Bank v. George R. Carter et al., 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, quoting from the syllabus, as follows:

"Where an allegation of general denial in an answer is followed in an affirmative defense by a special averment of the truth of the matter which had been denied, the defenses are so inconsistent they cannot stand together, and the plaintiff will not be compelled to establish the truth of an allegation in his complaint to which such defenses are set up."

It is clear from the foregoing that the question the court considered and determined was not one of what defenses could be set up in an answer, but was one of whether the burden of proof rests upon the plaintiff to prove that which the defendant admitted in one defense, though denied in another. While the rule is not uniform, the weight of authority is that inconsistent defenses may be pleaded. 31 Cyc. pp. 148 and 149. In a case such as the present (a law action), where the government sues in one of its own courts for the construction and enforcement of one of its own laws, and a contract made thereunder, it is doubtful whether the Uniformity Act is applicable, particularly in view of equity rule 30, which expressly permits the pleading of all defenses the defendant deems essential "regardless of consistency'; but it is not necessary in this case to determine this question, for it is concluded that the denials and affirmative defenses are not in any event so inconsistent as to warrant the compelling defendant to elect between them. The motion to require election is therefore denied.

For the same reason, the motion to require such election between the affirmative defense to the fourth item upon which suit is brought and the denials of the answer is also refused.

[4] As an affirmative defense to each of the claims asserted, the defendant alleges that all of such causes of action accrued more than three years before their assignment to the plaintiff; that because of that fact the statute of limitations had run against each of them, prior to institution of the suit. The plaintiff has demurred to this defense. The demurrer is upon three grounds: (1) That the statute does not run against the United States; (2) that by not interposing a demurrer based upon the statute the defendant waived any defense, by answer or otherwise, on that ground; (3) that the various claims on which suit is brought all arise out of "a contract in writing," and that therefore the six-year provision of section 157, Remington & Ballinger's Code, would apply, and not the three-year provision of section 159, applicable to actions in contracts not in writing.

Upon the first ground stated the plaintiff cites the following: United States v. Robeson, 9 Pet. (34 U. S.) 319, 9 L. Ed. 142; United States v. Southern Pacific Co., 259 U. S. 214, 240, 42 Sup. Ct. 496, 66 L. Ed. 907; Chesapeake & Del. Canal Co. v. United States, 250 U. S. 123, 39 Sup. Ct. 407, 63 L. Ed. 889; United States v. Whited & Wheless, Ltd., 246 U. S. 552, 38 Sup. Ct. 367, 62 L. Ed. 879; Stanley v. Schwalby, 147 U. S. 508, 13 Sup. Ct. 418, 37 L. Ed. 259; United States v. Insley, 130 U. S. 263, 9 Sup. Ct. 485, 32 L. Ed. 968; United States v. Johnston, 124 U. S. 236, 8 Sup. Ct. 446, 31 L. Ed. 389; United States v. Buford, 3 Pet. 12, 7 L. Ed. 585; United States v. Jones (9 C. C. A.) 242 Fed. 609, 155 C. C. A. 299; United States v. Noojin (D. C.) 155 Fed. 377, at page 379; United States v. Gordin (D. C.) 287 Fed. 565; 25 Cyc. pp. 1006, 1007; 39 Cyc. p. 778, C. 1. Upon the second ground the plaintiff cites the following: Remington & Ballinger's Annotated Codes and Statutes of Washington, §§ 259, 261, 263; Roche v. County of Spokane, 22 Wash. 121, 60 Pac. 59; Damon v. Leque, 17 Wash. 573, 50 Pac. 485, 61 Am. St. Rep. 927; 25 Cyc. p. 1400 (7); 31 Cyc. p. 717 (B). Defendant cites, among other cases. Providence Engineering Corporation v. Downey Shipbuilding Corporation (C. C. A.) 294 Fed. 641; Astoria Marine Iron Works v. United States Shipping Board Emergency Fleet Corporation (D. C.) 295 Fed. 415.

In view of the conclusion reached upon the third ground urged upon the demurrer, it is not necessary to determine whether, in a suit such as the present, the defendant waives the defense of the statute by not demurring upon that ground, when the facts upon which the defense is based appear upon the face of the complaint, nor to consider the effect, if any, of the assignment by the Fleet Corporation to plaintiff of its rights under the contracts; for, if defendant's position be conceded that the Washington statute of limitations applies, it is clearly shown both by the complaint and the answer that a determination of the rights of each of the parties, as to each of the items upon which suit is brought, cannot be reached without considering and construing the written contracts between the Fleet Corporation and the defendant. Each of the causes of action, therefore, arise out of a contract in writing.

The demurrer to this defense is sustained.