148

## SPOOR et al. v. Q & C CO.
### No. 4331.

District Court, N. D. Illinois, E. D.
Jan. 3, 1946.

John H. Coulter and Will A. Kelly, both of Chicago, Ill., for plaintiffs.

McKinley, Price & Quindry, of Chicago, Ill., for defendant.

BARNES, District Judge.

In the briefs of the parties, which were filed subsequent to the oral argument, the question came down to this: Which statute of limitation applies, the 5 year statute or the 10 year statute?

The defendant relies particularly upon the case of Knight v. St. Louis, I. M. & S. R. Co., 141 Ill. 110, 30 N.E. 543. That was an action by an assignee of a bill of lading against the railroad company for a breach of the duty to carry safely. The action was instituted by the assignee in his own name at a time prior to the passage in Illinois of the statute authorizing the real party in interest to sue in his own name. At page 115, of 141 Ill., at page 544 of 30 N.E., the Supreme Court of Illinois said: "Again, if the action could be held to be based upon a mere implied undertaking, we can see no escape for appellants from the bar of the statute of limitations. * * * The statute is that 'actions on unwritten contracts, express or implied, must be brought within five years after the cause of action accrues,' and not after. To avoid that bar, the plaintiffs below replied that the contract sued on was in writing; and the argument is that, notwithstanding the plaintiffs could not sue on the bills of lading as assignees, still, inasmuch as the evidence upon which they base their title to the goods is in writing, therefore the action is on a written contract, within the meaning of the sixteenth section of the statute. By that section, if the action is upon a contract in writing, * * * the limitation is ten years. In either case the action must be upon the writing. It is not enough that the evidence by which the cause of action is supported is in writing. As already said, the cause of action here is the failure to safely carry plaintiffs' goods. Can it be said that they had a contract in writing with the carrier? If so, how did they get it? Manifestly by assignment from Potter, the shipper."

The matter is not free from doubt but the court does not believe that this case or this language is decisive of the case at bar. The case at bar cannot, in the court's opinion, be said to be based upon a mere implied undertaking. The action in the case at bar is on a written patent license contract, the written assignment of an interest therein and of an interest in the moneys due thereunder to plaintiffs' decedent and the written notice to the defendant of such assignment and payments made by the defendant to plaintiffs' decedent. The situation in the case at bar is more like that in the case of Egan v. Boston Ins. Co., 110 Ill.App. 1, where the action was held to be on a contract in writing and the 10 year statute of limitations was held to be applicable. The court's best judgment is that the action here is on a written contract and the 10 year statute of limitation is applicable. The court's view is reinforced by a consideration of Mowatt v. City of Chicago, 292 Ill. 578, 127 N.E. 176, 177. While the Mowatt case is distinguished from the case at bar by reason of the fact that "there was no provision in the ordinance in any way referring to the refunding of the money at

the expiration of five years," yet that case states the test to be applied as follows: "As has been stated, the contract is held by the authorities to be an oral one, as to the statute of limitations, if parol evidence is necessary to show that there can be a recovery under the ordinance."

In the case at bar, no oral evidence was introduced to show the plaintiffs' right to recover. In the court's opinion, the Mowatt case supports the court's conclusion that the 10 year statute of limitations is applicable.

The court has considered United States v. Puget Sound, etc., D.C., 298 F. 353, which tends to support the plaintiff's position, but does not throw much light upon the Illinois law. The court has also considered Phillips v. Pitcher, 80 Ill.App. 219, Snite v. N. Y. Cent. R., 262 Ill.App. 269, and Ensign v. Illinois Central R. Co., 180 Ill.App. 382, but they do not change the views which the court has expressed. In Phillips v. Pitcher, an action on an implied contract, the 5 year statute of limitations was properly held to be applicable. The court cannot see that Snite v. N. Y. Cent. R. R., or Ensign v. Illinois Cent. R. Co., throw any light on the question in the case at bar.

Counsel for the plaintiffs may prepare and within a short day and on notice present drafts of findings of fact, conclusions of law, and a judgment order consistent with the views herein expressed.