# JOHN THOMPSON

*v.*

## ELIZA REED, Administratrix, etc.

1. EVIDENCE — *relating to mutual credit — what proof is sufficient to establish — to take a case out of the statute of limitations.* T filed an account, in the Probate Court, against the estate of R, for his mother's board, during a period of seven and a half years, claiming that she was so boarded under an implied contract on the part of R to pay for it. The administratrix pleaded the statute of limitations, and, upon the trial, on an appeal to the Circuit Court, the court

instructed the jury that all charges for her board which were due and payable more than five years before the decease of R, were barred by the statute, unless a new promise was proved. *Held:* That a modification of such instruction stating the effect of mutual credit between the parties within the five years, would not have been proper, the evidence on that point simply showing that within the period a few articles of apparel had been furnished by R to plaintiff's two children, while in R's service, and, for aught the proof disclosed, were given them in part consideration for their services, no charge having been made against the plaintiff. That such proof did not make a case of mutual credits.

2. LIMITATION OF ACTIONS — *the running of a statute in particular cases.* That in such case, the statute began to run from the time a right of action accrued, and the contract to pay the board being an *implied one*, plaintiff might have brought his action for past board, whenever he thought proper, hence, it is not true, that the statute did not begin to run until the death of R's mother, the contract not being an express one for board during her natural life.

3. PLEADING AT LAW — *in what cases statute of limitations need not be specially pleaded.* In cases of this character it is not necessary that the statute of limitations should be specially pleaded, although relied upon as a defense.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Mr. DAVID SHEEAN, for the appellant.

Mr. E. A. SMALL, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an account, filed by John Thompson, against Eliza Reed, as administratrix of David Reed, in the County Court, and, after a trial there, the suit was taken to the Circuit Court, where the jury, besides setting off a note for $126, held by the estate against the plaintiff, and admitted to be just, gave the plaintiff a verdict for $8.10. There was judgment on this verdict, and the plaintiff has appealed, claiming a much larger

sum. The account sued upon, is chiefly based upon a claim for the board, during the last seven and a half years of her life, of the mother of said David Reed, she being also the mother of plaintiff's wife. It is insisted that she was so boarded under an implied contract on the part of David Reed to pay for the same. The administratrix set up the statute of limitations, and the court instructed the jury, that "all charges for the board of Mrs. Ann Reed, which accrued due and payable more than five years before the decease of David Reed, were barred by the statute of limitations," unless the jury found a new promise. This instruction cut off the entire board bill, except for the last seven months of the life of Ann Reed. For these seven months, it is perfectly clear, from the verdict, the jury allowed payment to the plaintiff, since the plaintiff's counsel only claims to have proved other items to the amount of $116.55, upon one item of which he admits a payment of $10.35, reducing the amount to $106.20, and the jury found a verdict equal to $134.10. The plaintiff claimed at the rate of $130.00 per year for the board, but some of the witnesses placed it at less than one-half that sum, in view of the household services which Mrs. Reed would render, and the evidence on some of the other items was so conflicting that the jury would probably not allow the sums claimed. We mention these things merely for the purpose of showing that the jury found there was an implied contract, and that they allowed, for the seven months, what they thought the conflicting evidence required. The evidence is so conflicting that we are not disposed to disturb their finding on the ground of its insufficiency as to amount.

Conceding there was an implied contract to pay for the board, as the jury found, the only question in the record is, the correctness of the instruction as regards the statute of limitations. That instruction is assailed on two grounds; first, that it should have been qualified by a clause stating the effect of mutual credits within five years, and secondly, it is

insisted the statute would not begin to run until the death of Mrs. Reed.

As to the first of these objections, it is sufficient to say, there was nothing in the evidence to which such a qualification could have properly applied. Neither the articles of apparel furnished to the daughter of the plaintiff, while she was living with Reed, nor the gloves given to plaintiff's son, fall within the principle of mutual credits, so as to affect the claim for board. The apparel for the girl was doubtless designed as some compensation to her for her services in Reed's family, and it is not pretended that Reed ever made an entry or charge against her father for the amount. So of the gloves for the boy, who had done some hauling for Reed. The proof of these items was called out by the defendant, on cross-examination of plaintiff's witnesses, for the purpose of showing part payment of the services for which the plaintiff is now seeking to charge the estate. As to the reaping, which a witness swears he once saw Reed doing for plaintiff, it does not appear whether it took place within the five years, or that any charge was made of it by Reed, or what was its value. The evidence was called out by defendant, on cross-examination, for the purpose of proving that some hauling done by Thompson, and for which the estate was charged, was merely an exchange of work for reaping once done by Reed. The tendency of modern decisions has been greatly to restrict the application of the doctrine of mutual credits, to the statute of limitations, for the purpose of preventing its operation, but we do not think a case of any period can be found, in which it has been held that such proof as this makes a case of mutual credits, and is equivalent to a solemn admission that the defendant owed the plaintiff, and, therefore, gave him credit. See 2 Parsons on Contracts 351, and cases cited in notes. If Reed had paid plaintiff's daughter the full value of her services, by furnishing her apparel, it would be preposterous to say that he thereby admitted he was indebted to her father for his mother's board,

16—48TH ILL.

and we can not see that the fact of his only partially supplying her wardrobe strengthens the admission.

As to the second objection, we do not deem it well taken. Undoubtedly the statute began to run from the time a right of action accrued, and, assuming there was an implied contract, on the part of Reed, to pay, the plaintiff might have brought his suit for past board whenever he thought proper. If there had been an express contract, by which Reed had agreed to pay the plaintiff a certain sum for the support of his mother during her natural life, the statute would not have begun to run until her death. But it is not pretended there was any contract of this kind, or any express contract whatever. The case of *Davis* v. *Gorton*, 2 Smith 255, cited by appellee, is similar in principle. The counsel for appellant cites *McKinney* v. *Springer*, 3 Ind., as also in point, but we do not so regard it. That case merely holds, that in a suit brought for building a house, the statute does not begin to run until the plaintiff had ceased to work, the court saying that a contract to build a house is an entire contract, and not a contract for each separate item of work done, or materials furnished in the progress of the undertaking.

It is objected that the statute of limitations should have been specially pleaded, but in cases of this character that is not necessary. The questions asked two of the witnesses, for the purpose of contradicting the witness Campbell, on a collateral and immaterial matter, were improper, but we do not see how they can possibly have prejudiced the plaintiff.

*Judgment affirmed.*