# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1881.

## BENJAMIN L. HARRIS
### v.
## THE JACKSON COUNTY AGRICULTURAL BOARD.

STATUTE OF LIMITATIONS.—Appellant was employed to collect certain outstanding subscriptions due to appellée. This employment was concluded in December, 1872, and the Statute of Limitations began to run from that time. The employment of appellant as gate-keeper for appellee for two or three days in each year subsequent to that time, does not make such a case of mutual accounts as will save the bar of the statute as to a claim for compensation for services rendered under the first employment.

APPEAL from the County Court of Jackson county; the Hon. GEO. W. ANDREWS, Judge, presiding. Opinion filed April 7, 1881.

Mr. J. B. MAYHAM and Mr. R. J. YOUNG, for appellant; that corporations can only act by agents, and authority will be presumed, even in the absence of an express contract, cited Maher v. Chicago, 38 Ill. 266; R. R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417; St. L. A. & C. R. R. Co. v. Dalby, 19 Ill. 353; Swartwout v. Evans, 37 Ill. 442; Williams v. Butler, 35 Ill. 544; Searing v. Butler, 69 Ill. 575.

There are but three ways in which the relation of principal

(272)

and agent can be dissolved: by revocation of the power by the principal, by renunciation of the power by the agent, or by operation of law: 1 Story on Contracts, § 191; 3 Parsons on Contracts, 71; Catling v. Skoulding, 6 T. R. 189.

If an agent in good faith makes use of his own money, for the proper use of a corporation, he may recover the same: Angell and Ames on Corporations, § 298; Reeder v. Union Rubber Co. 5 Bosw. 85.

Mr. G. W. SMITH and Mr. R. J. STEPHENS, for appellee; that there was no such case of mutual accounts as would stop the running of the statute, cited Reeves v. Herr, 59 Ill. 81; Thompson v. Reed, 48 Ill. 118.

Where it is apparent that the verdict will be the same on a re-trial, the court will not reverse, even though there may have been error in the instructions: Mann v. Brady, 67 Ill. 95;. Charter v. Graham, 56 Ill. 19; Pahlman v. King, 49 Ill. 266;. Rankin v. Taylor, 49 Ill. 451; Clark v. Pageter, 45 Ill. 185; Watson v. Wolverton, 41 Ill. 241; Potter v. Potter, 41 Ill. 80..

Mere informality will not vitiate a verdict where substantial justice has been done, and the party shows no merits: Bates v. Williams, 43 Ill. 494; James v. Morey, 44 Ill. 352; Hart-ford Ins. Co. v. Vanduzor,. 49 Ill. 489.

PER CURIAM.    In this case substantial justice was done. The evidence shows that before the year 1872 appellant was employed by appellee to collect unpaid subscriptions to its stock, and perhaps for other purposes.    That appellant, in pursuance of such employment, proceeded to collect various sums of money, and accounted with appellee during the year 1872. Appellant also claims, that during the term of said employment, he paid out of his own funds to certain persons, considerable sums of money due them by appellee.

There is no evidence of any money paid, or any transaction as to the employment between the parties after the 4th of December, A. D. 1872.    On the 30th of April, A. D. 1879, this suit was brought to recover for his services as such collector, and also to recover the said sums of money paid by appellant,

on the indebtedness of appellee. The defendant relied on the pleas, the general issue and Statute of Limitation. It is very clear that more than five years elapsed between the last transaction growing out of the employment aforesaid, and the beginning of this suit.

There is evidence going to show that appellant, after the year 1872, was employed by appellee two or three days in each year for several years, and including the year 1877, as gate-keeper; and it is claimed that this acting as gate-keeper during the time of the fair would take the case out of the Statute of Limitation. This position is not well taken. The entire transaction, so far as the employment to collect, etc., was concerned, was concluded in December, A. D. 1872. At least, there is no evidence of any business transaction of that character between the parties after that time, and the statute began to run from that time.

Admitting that he was employed as gate-keeper, as alleged, that would not be such a case of mutual accounts and reciprocal demands as would take the former charges out of the statute. The account is on one side only—not mutual. Thompson v. Reed, 48 Ill. 118; Reeses, Jr. v. Herr, 59 Ill. 81; Kimball v. Brown, 7th Wend. 322.

The instructions may have been erroneous in some respects, but we think that the verdict of the jury was in accordance with the law and the facts, and that justice has been done. Therefore the judgment of the Circuit Court is affirmed.

Judgment affirmed.

OPINION UPON RE-HEARING.

PER CURIAM. When this case was affirmed, we gave briefly the reasons leading us to the conclusion we then reached. The petition for re-hearing presses with considerable force the point, that though the Statute of Limitations may have run as to the services for making collections, and for money paid, yet there was a right to recover for the services of gate-keeper, which were rendered within five years. To this it may be answered, that there is no count in the declaration, under which proof of such services was admissible, and upon which

a judgment for such a demand could rest; and we presume the evidence as to this, then, was offered only to avoid the statute, by showing a running account between the parties. As we said heretofore, it was not sufficient for that purpose. There is really no count in the declaration, under which recovery could be had for any of the plaintiff's demand, except for money paid, and as to this the Statute of Limitations was successfully interposed.

Re-hearing refused.