## Joel J. Bailey & Co. v. Snyder Bros. et al.

1. JUDGMENTS—*By Confession in Vacation.*—A judgment confessed in vacation before the clerk is void, where there is no proof of its execution, or of other facts necessary to show that the debt was due and owing.

2. SAME—*By Corporations.*—A judgment confessed against a corporation upon a note signed by the president and secretary but not under the seal of the corporation, and without proof being filed with the *cognovit* that the president and secretary had authority to sign a power of attorney to confess a judgment, is void.

3. SAME—*When Void, Not to be Made Valid by Subsequent Proof.*— Where a judgment confessed in vacation is void for want of proof of power to execute the power of attorney upon which if is confessed, such proof can not afterward be received to cure the defect.

4. JUDGMENT NOTES—*Power of Officers of a Corporation to Execute.*—The president, treasurer or secretary of a corporation can execute a power of attorney to confess a judgment against the corporation only where such power is conferred by the board of directors. They have no such power by virtue of their office.

5. CORPORATIONS—*Seal, When Prima Facie Evidence.*—The seal of a corporation affixed to an instrument is *prima facie* evidence of the assent of the corporation when the signature of the .president of the corporation and the custodian of its seal attached to the instrument is shown to be genuine.

6. LIS PENDENS—*Sale of Assets by a Corporation.*—Where a bill is filed under section 25 of chapter 32, R. S., entitled "Corporations," it is contemplated that the assets of the corporation shall be distributed *pro rata* among creditors, where there is not enough to pay all in full; and the corporation has no power to make a valid sale of its assets and prefer creditors, after the service of summons, so as to deprive the court of its jurisdiction.

**Bill to Dissolve a Corporation.**—Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded, with directions. Opinion filed December 10, 1895.

## Statement of the Case.

Snyder Brothers was a corporation, organized in 1891 under the general incorporation act, and was doing business at Galesburg, Ill., as retail dealers in notions, toys and general merchandise, until the 3d day of January, 1894. In September or October, 1893, the concern found itself in failing circumstances, and was compelled to borrow money to meet its obligations. Messrs. Prince & Welsh were its attorneys. The holiday trade failed to help it out, and on January 1, 1894, it was unable to meet its obligations, and concluded to quit business, and determined to pay some of its creditors in full, notwithstanding it would take all its assets. It thereupon executed its judgment notes to a portion of its creditors, to wit: the First National Bank of Galesburg, Illinois, for the sum of $2,400; S. Spear & Sons, of Galesburg, $263.28; John Ridley, the father-in-law of the secretary, $1,077.43; also Prince & Welsh, its attorneys, $250 for their attorneys' fees. Power to execute judgment notes had been given the president and secretary, by resolution of the board of directors, but none of the notes were executed under the seal of the corporation. The president and secretary executed the notes without the seal. On the same day and at the same time, the president made an assignment to Prince & Welsh, of all the book accounts of the corporation, which directed them to collect and receipt for said accounts, and out of the proceeds, first pay their fees, and the balance to be paid on the four judgments named, and return the surplus to the corporation. On the same day, the 2d day of January, 1894, judgment was taken on the four judgment notes, and executions were issued and levies made on the stock of goods and the fixtures of the corporation. The property levied upon, and the book accounts, were all the assets of the corporation. Sale of the goods was advertised by the sheriff for January 18, 1894, and on that day the appellants, creditors of the said corporation to an amount of between seven and eight hundred dollars, filed a bill in the Circuit Court, in chancery, asking to have the four judgments set aside, and a receiver appointed to close up the business. The

corporation, the stockholders and the judgment creditors were made defendants to the bill.

On January 18th a notice was served on each of the defendants, that on Saturday, January 20th, an application would be made before the judge of the Circuit Court for an injunction. The sale was not made, but after the service of the summons on all the defendants, and their attorneys, Prince & Welsh, the corporation executed a bill of sale of the stock of goods from Snyder Brothers to the four judgment creditors, and ordered the executions returned. The four judgment creditors sold the stock of goods to Meyer for the express consideration of $3,000, and turned over the bill of·sale to him. On April 17, 1894, Prince & Welsh were appointed receivers by the Circuit Court, and they were ordered to collect the book accounts of Snyder Brothers, and hold the money subject to the order of the court. On July 31, 1894, Prince & Welsh, assignees of the book accounts under the assignment of Snyder Brothers, filed an inventory and bond as assignees in the County Court, and proceeded to administer the assigned property in the County Court. Upon a hearing the court dismissed the appellant's bill and refused to set aside the judgments, and refused to appoint a receiver.

HARRIS & KING, attorneys for appellants.

J. A. McKENZIE and PRINCE & WELSH, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The point is presented in this case, whether the four judgments named above—confessed on judgment notes by the president and secretary of the company, where the notes were without the seal of the corporation, and where there was no proof on file at the time of the confession that the president and secretary had authority to execute judgment notes, and power of attorney to confess judgment—were void, or whether they were good and valid judgments. This, and similar questions, have been before this court on several

occasions, and we have held that judgments confessed in vacation, as these, before the clerk were void unless accompanied by proof of their execution, or of other facts necessary to show that the debt was then due and owing. In the case of Matzenbaugh v. Doyle, 50 Ill. App. 189, we held that where, on the face of the note, the statute of limitations had run against it, a judgment confessed on it in vacation was void where there was no accompanying proof that the debt had been revived, and the judgment could not be made valid or helped out by extrinsic evidence that the note had been revived by payments. The judgment of the Appellate Court was affirmed in the Supreme Court, 156 Ill. 331. The president and treasurer, or secretary of a corporation, can execute a power of attorney to confess judgment against the corporation only when such power is conferred by the board of directors. They have no such power by virtue of their office. Joliet Electric Light and Power Co. v. Ingles, 23 Ill. App. 45; Adams v. Cross-Wood Printing Co., 27 Ill. App. 313; Beach on Private Corporations, Vol. 1, Sec. 202. The seal of the corporation, however, is *prima facie* evidence of the assent of the corporation, when the signature of the president and the custodian of the corporate seal of the corporation attached to the instrument are shown to be genuine. See authorities above cited. In this case there was no proof filed with the *cognovit* showing that the president and secretary had authority to sign a power of attorney to confess judgment, nor any resolution of the board giving them such power; there was no corporate seal to the note and power of attorney.

It therefore follows that the judgments on their face, as to all the world, were void and of no validity. It is insisted, however, that there was a resolution of the board of record giving such power, and it was produced in evidence.

This proof, however, as decided in Matzenbaugh v. Doyle, *supra*, could not be received to validate the judgments entered in vacation by confession.

After the judgments were alleged to be void in appellant's bill, and all the defendants, including the stockholders, the corporation, and the holders of the void judgments,

were served with summons, the directors of the corporation met and passed a resolution authorizing a sale, and sold the assets of the corporation to the judgment creditors for the sum of their judgments, said judgments amounting to $3,091, said to be the full value of the goods. This was all done while this suit was pending, and when the court had full jurisdiction of the subject-matter and of the parties. Snyder Bros. were powerless to make this sale at that time and the judgment creditors to receive the benefits of it. McCauley v. Rogers, 104 Ill. 578; Grant v. Bennett, 96 Ill. 513; Hallhorn v. Green, 125 Ill. 247.

The doctrine of *lis pendens* applies as to the creditor of the corporation, and the corporation itself, and to the purchaser of the goods. It was too late to prefer the creditors, or for them to be preferred, after the commencement of the suit and the service of the summons. Under section 25 of chapter 32 of the Revised Statutes, under which this bill was filed, it is contemplated that in proceedings under it the assets of the corporation shall be distributed *pro rata* among the creditors, where there is not enough to pay all claims in full, and like the assignment act, it is its policy to pay all creditors equally and *pro rata*. The corporation had no power to make a valid sale and prefer creditors after bill filed and service of summons, and to deprive the court of its jurisdiction and its power to settle up the affairs of the corporation. The assignment of the book accounts may be settled in the County Court.

The decree of the Circuit Court is reversed and the cause remanded, with directions to proceed to settle the estate in accordance with the prayer of the bill except as to the book accounts.