## Morris Cohn v. F. S. Waters & Co., Yost Mfg. Co., Bellis Cycle Co. and The Maumee Cycle Co.

1. INSOLVENT CORPORATIONS—*Rights of Simple Contract Creditors Under Sec. 25 of Ch. 32, R. S.*—A simple contract creditor may avail himself of the provisions of section 25 of the general incorporation act and file a bill to obtain the relief afforded by that section, and such a bill is in the nature of a creditor's bill and is designed to aid creditors in the collection of their debts.

2. EQUITY PRACTICE—*Relief Under Section 25 of the General Incorporation Act.*—A simple contract creditor can not maintain a bill against an insolvent corporation under the provisions of section 25 of the general incorporation act, and, without obtaining any of the relief provided by that section, obtain in lieu thereof relief by having a fraudulent conveyance made by the debtor corporation set aside, and assets, which were thereby conveyed prior to the filing of the bill of complaint, subjected to the satisfaction of his claim.

3. STATUTES—*Section 25 of the General Incorporation Act.*—Section 25 of Chapter 32, R. S., entitled "Corporations," contemplates a distribution of all the assets which an insolvent corporation had at the time of the

beginning of the suit, and a transfer of such assets, made after a bill of complaint is filed and summons served, will be set aside in order to effect such distribution.

4. SAME—*Construction of Section 25 of the General Incorporation Act.*—Section 25 of the general incorporation act does not operate to enlarge the operation of section 49 of the chancery act. A mere contract creditor can not come into a court of equity for the simple purpose of enforcing a legal demand which involves the right to a trial at law.

5. RECEIVERS—*Powers Under Section 25 of the General Incorporation Act.*—A receiver can not assert any right in equity in winding up the affairs of an insolvent corporation which could not be asserted by the general creditors or by the corporation itself. The corporation itself could not invoke the aid of a court of equity to that end, nor could an assignee of such corporation.

**Bill in Equity.**—Trial in the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Decree for complainant; appeal by defendants. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 29, 1899.

**Statement.**—Two suits in equity were consolidated and heard together in this proceeding. The decree is upon the consolidated cases. The complainant in each bill of complaint was, at the time of beginning the suit, a simple contract creditor of the Climax Cycle Company, an insolvent corporation. By each bill of complaint relief was sought under section 25 of the incorporation act, and the allegations of each would entitle to relief under that section. In each bill of complaint it was also alleged, in effect, that the insolvent corporation had, prior to the filing of the bill, fraudulently conveyed certain of its assets to appellant, and by each bill relief was also prayed by setting such fraudulent conveyance aside and subjecting the property thereby conveyed to the satisfaction of the contract claims of the complainants.

Upon the hearing of the consolidated cases the chancellor found that the Climax Cycle Company was an insolvent corporation; that it had ceased doing business, leaving debts unpaid; that the conveyance in question to appellant was fraudulent as against creditors of the corporation, and should be set aside; and decreed that the sale by the corporation to appellant, Cohn, is void and of no effect as to the

creditors of the corporation; that the proceeds of the property taken from the possession of the appellant Cohn (being the property which was transferred to Cohn by the corporation through the conveyance in question) be subject to the debts and obligations of the corporation, and that complainants have and recover for their own use and for the use of other creditors, such proceeds; and a reference was ordered to a master in chancery to take an account as to the distributive interests of the creditors of the corporation in such property. From this decree appellant prosecutes this appeal.

PAM, DONNELLY & GLENNON, attorneys for appellant.

WILBUR, TURNER & HILL and REMY & MANN, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Of the several questions raised by the briefs of counsel, we need consider but one, viz., whether a simple contract creditor may file a bill of complaint against an insolvent corporation under the provisions of section 25 of the incorporation act, and, without obtaining any of the relief provided by that section, obtain in lieu thereof relief by having a fraudulent conveyance made by the debtor corporation set aside, and assets, which were thereby conveyed prior to the filing of the bill of complaint, subjected to the satisfaction of the simple contract claim.

It is settled that a simple contract creditor may avail of the provisions of section 25, and may file a bill of complaint to obtain the relief afforded under that statute. Buda F. & M. Co. v. The Columbia Celebration Co., 55 Ill. App. 381.

And such a bill has been referred to as being in the nature of a creditor's bill and designed to aid creditors in the collection of their debts. Butler Paper Co. v. Robbins, 151 Ill. 588.

·And it has been held that as the enactment contemplates a distribution of all the assets which the insolvent corpora-

tion has at the time of the beginning of the suit, therefore a transfer of such assets made after bill of complaint filed and summons served will be set aside in order to effect such distribution of assets. Bailey v. Snyder, 61 Ill. App. 472.

But we are not aware of any adjudicated case in which it has been held by the Supreme Court, or by this court, that assets not in possession of the insolvent corporation when the bill is filed, but which had been fraudulently transferred prior thereto, can be reached by a simple contract creditor who is proceeding under the provisions of section 25 in question. When the only scope of the proceeding, measured by the relief decreed, is to subject such equitable assets to the satisfaction of the legal claims of such creditors, as is the case here, we are of opinion that the bill can not be thus entertained for such purpose alone, and relief granted which the creditor could not obtain if his bill were appropriately framed for the obtaining of only that relief which is granted. In other words, section 25 of this act does not operate to enlarge the operation of section 49 of the chancery act. A mere contract creditor can not come into a court of equity for the simple purpose of enforcing a legal demand—one which involves the right to a trial at law. Shufeldt v. Boehm, 96 Ill. 560; Goembel v. Arnett, 100 Ill. 34; Dormueil v. Ward, 108 Ill. 216; Gore v. Kramer, 117 Ill. 176; The D. C. & B. R. Mills v. Ledwige, 162 Ill. 305; Ladd v. Judson, 174 Ill. 344.

It is argued that because the proceeding here involved the appointment of a receiver, as provided for by section 25, in question, therefore the court might reach and subject to the possession of the receiver all such equitable assets. But the receiver could not assert any right in equity in this behalf which could not be asserted by the general creditors or by the corporation itself. The corporation itself could not invoke the aid of a court of equity to that end, nor could an assignee of such corporation. Bouton v. Dement, 123 Ill. 142; Ide v. Sayer, 129 Ill. 230; The Republic Life Ins. Co. v. Swigert, 135 Ill. 150.

To reach such assets is a right inuring to creditors only, and under our practice to only such creditors as have exhausted their remedy at law.

It follows from the conclusion reached by the court upon this question that it is unnecessary to discuss the evidence or to consider other points which are presented by the briefs in relation thereto.

The decree is reversed and the cause remanded.